UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>        Plaintiff,<br><br>  v.<br><br>PIERCE TRANSIT,<br><br>        Defendant. | CASE NO. C10-5929BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

This matter comes before the Court on Defendant Pierce Transit's motion to dismiss for lack of subject matter jurisdiction, or, in the alternative, to dismiss for failure to state a claim upon which relief can be granted. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On December 21, 2010, Plaintiff Barbara Stuart Robinson ("Robinson") filed her application to proceed in forma pauperis in this action to which she attached her original complaint. Dkt. 1. On January 6, 2011, counsel for Pierce Transit filed a notice of appearance in this action (Dkt. 4) and on January 18, 2011, Pierce Transit filed the instant motion to dismiss (Dkt. 5). On January 20, 2011, Robinson filed a response to the motion objecting to its filing based on the fact that the Court had not ruled on her application to proceed in forma pauperis and thus, that her complaint had not yet been filed. Dkt. 8. On

ORDER - 1

1  January 26, 2011, the Court granted Robinson's application to proceed in forma pauperis
2  (Dkt. 9) and her complaint was filed (Dkt. 10).  Also on January 26, 2011, the Court
3  renoted Pierce Transit's motion to dismiss to February 18, 2011, to allow Robinson to file
4  an additional response to the motion on or before February 14, 2011.  On February 13,
5  2011, Pierce Transit filed a reply to Robinson's response to its motion to dismiss.  Dkt.
6  13.

## II. DISCUSSION

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for a motion to dismiss based on lack of subject matter jurisdiction.  Federal courts are courts of limited jurisdiction.  *Vacek v. U.S. Postal Serv.*, 447 F.3d 124, 1250 (9th Cir. 2006).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).  The burden falls on the plaintiff to establish that subject matter jurisdiction is proper.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Vacek*, 447 F.3d at 1250.  A motion brought under Rule 12(b)(1) may be either facial, where the inquiry is limited to the allegations in the complaint, or factual, where the court may look beyond the complaint to consider extrinsic evidence.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Savage v. Glendale Union High School Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  When a defendant makes a facial challenge to jurisdiction, all material allegations in the complaint are taken as true, and the question for the court is whether the lack of jurisdiction appears from the face of the pleading itself.  *See Wolf*, 392 F.3d at 362; *Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2000).  "If the moving party converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Wolf*, 392 F.3d at 362 (internal quotation marks omitted).  For purposes of considering a motion to dismiss on the grounds of subject matter jurisdiction, a court may

ORDER - 2

consider matters outside of the pleadings. *Association of American Medical Colleges v. U.S.*, 217 F.3d 770, 778 (9th Cir. 2000).

In its motion to dismiss, Pierce Transit argues that the Court lacks subject matter jurisdiction over this action because Robinson's claims are insubstantial, frivolous, and brought solely for purposes of obtaining federal jurisdiction. Dkt. 5 at 1. Because the Court concludes that it does not have proper subject matter jurisdiction in this case, as discussed below, it does not consider the merits of the motion to dismiss for failure to state a claim upon which relief can be granted.

A federal district court has subject matter jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Subject matter jurisdiction exists over these actions unless the alleged federal cause of action either "clearly appears to be immaterial and solely made for the purpose of obtaining jurisdiction or where such a claim is wholly immaterial and frivolous." *Bell v. Hood*, 327 U.S. 678, 681-82 (1946). Complete diversity of the parties establishes an alternative basis for subject matter jurisdiction. *See* 28 U.S.C. § 1332.

Here, the parties are all residents of the State of Washington for purposes of jurisdiction, thus no diversity jurisdiction exists. *See* Dkt. 10. Further, although Robinson alleges that Pierce Transit violated the Small Business Act, 15 U.S.C. § 631, et seq. ("SBA"), the SBA "does not create a private right of action in individuals." *Crandal v. Ball, Ball and Brosamer, Inc.*, 99 F.3d 907, 909 (9th Cir. 1996). *See* Dkt. 13. In addition, Robinson alleges that Pierce Transit committed "unconstitutional" fraud. It appears to the Court that Robinson is invoking the state constitution as she follows this allegation with a citation to a Washington statute. Dkt. 10 at 2. However, even if Robinson were attempting to invoke the United States Constitution, the facts she alleges regarding Pierce Transit's false statement and denial of reimbursement cannot form the basis of a constitutional claim as she fails to allege that she was injured as a result of a government policy or practice. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978)

(establishing the standards for local government units' liability under 42 U.S.C. § 1983). Accordingly, the Court lacks subject matter jurisdiction over Robinson's federal claims as such claims are frivolous.  Robinson's only remaining causes of action are the allegation that Pierce Transit violated the Washington Constitution and  an allegation of theft arising under state law.  Because the Court has concluded that Robinson has failed to allege any viable federal claims, Pierce Transit's motion to dismiss for lack of subject matter jurisdiction should be granted.  In addition, because the Court has concluded that it lacks original subject matter jurisdiction over this action, it does not have supplemental jurisdiction over Robinson's state law claims.  *See* 28 U.S.C. § 1367(a).

### III. ORDER

Therefore, it is hereby **ORDERED** that Pierce Transit's motion to dismiss for lack of subject matter jurisdiction (Dkt. 5) is **GRANTED**, Robinson's claims alleged under the SBA and the United States Constitution are **DISMISSED with prejudice** and any remaining state law claims are **DISMISSED without prejudice**.

DATED this 15th day of March, 2011.

BENJAMIN H. SETTLE  
United States District Judge